UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MICHAEL G.,                                                          19-CV-0069-MJR

Plaintiff,                                            DECISION AND ORDER

-v-

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

_____

Pursuant to 28 U.S.C. §636(c), the parties consented to have a United States Magistrate Judge conduct all proceedings in this case.  (Dkt. No. 12)

Plaintiff Michael G.[1] ("plaintiff") brings this action pursuant to 42 U.S.C. §§405(g) and 1383(c)(3) seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner" or "defendant") denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act (the "Act").  Both parties have moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.  For the following reasons, plaintiff's motion (Dkt. No. 9) is denied and defendant's motion (Dkt. No. 10) is granted.

---

[1] In accordance with the District's November 18, 2020, Standing Order, plaintiff is identified by first name and last initial.

## BACKGROUND[2]

On December 29, 2014, plaintiff applied for DIB and SSI alleging disability beginning on October 18, 2001, based on emotional instability, adjustment disorder with anxiety and depression, generalized anxiety disorder, PTSD, and OCD.   (Tr. 67)[3] Plaintiff's claim was denied at the initial level, and again after a *de novo* hearing before an Administrative Law Judge ("ALJ") on November 15, 2017.   (Tr. 15-30, 31-64)   The Appeals Council denied further review of the ALJ's decision on November 20, 2018.   (Tr. 1-8)   This action followed.   (Dkt. No. 1)

## DISCUSSION

I.     *Scope of Judicial Review*

The Court's review of the Commissioner's decision is deferential.   Under the Act, the Commissioner's factual determinations "shall be conclusive" so long as they are "supported by substantial evidence," 42 U.S.C. §405(g), that is, supported by "such relevant evidence as a reasonable mind might accept as adequate to support [the] conclusion," *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted).   "The substantial evidence test applies not only to findings on basic evidentiary facts, but also to inferences and conclusions drawn from the facts."   *Smith v. Colvin*, 17 F. Supp. 3d 260, 264 (W.D.N.Y. 2014).   "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force," the

---

[2] The Court presumes the parties' familiarity with plaintiff's medical history, which is summarized in the moving papers. The Court has reviewed the medical record, but cites only the portions of it that are relevant to the instant decision.

[3] References to "Tr." are to the administrative record in this case.  (Dkt. No. 6)

Court may "not substitute [its] judgment for that of the Commissioner." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002). Thus, the Court's task is to ask "'whether the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached' by the Commissioner." *Silvers v. Colvin*, 67 F. Supp. 3d 570, 574 (W.D.N.Y. 2014) (*quoting Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982)).

Two related rules follow from the Act's standard of review. The first is that "[i]t is the function of the [Commissioner], not [the Court], to resolve evidentiary conflicts and to appraise the credibility of witnesses, including the claimant." *Carroll v. Sec'y of Health & Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983). The second rule is that "[g]enuine conflicts in the medical evidence are for the Commissioner to resolve." *Veino*, 312 F.3d at 588. While the applicable standard of review is deferential, this does not mean that the Commissioner's decision is presumptively correct. The Commissioner's decision is, as described above, subject to remand or reversal if the factual conclusions on which it is based are not supported by substantial evidence. Further, the Commissioner's factual conclusions must be applied to the correct legal standard. *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008). Failure to apply the correct legal standard is reversible error. *Id.*

II.     *Standards for Determining "Disability" Under the Act*

A "disability" is an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §423(d)(1)(A). The Commissioner may find the claimant disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age,

education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." *Id.* §423(d)(2)(A). The Commissioner must make these determinations based on "objective medical facts, diagnoses or medical opinions based on these facts, subjective evidence of pain or disability, and . . . [the claimant's] educational background, age, and work experience." *Dumas v. Schweiker*, 712 F.2d 1545, 1550 (2d Cir. 1983) (first alteration in original) (*quoting Miles v. Harris*, 645 F.2d 122, 124 (2d Cir. 1981)).

To guide the assessment of whether a claimant is disabled, the Commissioner has promulgated a "five-step sequential evaluation process." 20 C.F.R. §404.1520(a)(4). First, the Commissioner determines whether the claimant is "working" and whether that work "is substantial gainful activity." *Id.* §404.1520(b). If the claimant is engaged in substantial gainful activity, the claimant is "not disabled regardless of [his or her] medical condition or . . . age, education, and work experience." *Id.* Second, if the claimant is not engaged in substantial gainful activity, the Commissioner asks whether the claimant has a "severe impairment." *Id.* §404.1520(c). To make this determination, the Commissioner asks whether the claimant has "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." *Id.* As with the first step, if the claimant does not have a severe impairment, he or she is not disabled regardless of any other factors or considerations. *Id.* Third, if the claimant does have a severe impairment, the Commissioner asks two additional questions: first, whether that severe impairment meets the Act's duration requirement, and second,

4

whether the severe impairment is either listed in Appendix 1 of the Commissioner's regulations or is "equal to" an impairment listed in Appendix 1. *Id.* §404.1520(d). If the claimant satisfies both requirements of step three, the Commissioner will find that he or she is disabled without regard to his or her age, education, and work experience. *Id.*

If the claimant does not have the severe impairment required by step three, the Commissioner's analysis proceeds to steps four and five. Before doing so, the Commissioner must "assess and make a finding about [the claimant's] residual functional capacity ["RFC"] based on all the relevant medical and other evidence" in the record. *Id.* §404.1520(e). RFC "is the most [the claimant] can still do despite [his or her] limitations." *Id.* §404.1545(a)(1). The Commissioner's assessment of the claimant's RFC is then applied at steps four and five. At step four, the Commissioner "compare[s] [the] residual functional capacity assessment . . . with the physical and mental demands of [the claimant's] past relevant work." *Id.* §404.1520(f). If, based on that comparison, the claimant is able to perform his or her past relevant work, the Commissioner will find that the claimant is not disabled within the meaning of the Act. *Id.* Finally, if the claimant cannot perform his or her past relevant work or does not have any past relevant work, then at the fifth step the Commissioner considers whether, based on the claimant's RFC, age, education, and work experience, the claimant "can make an adjustment to other work." *Id.* §404.1520(g)(1). If the claimant can adjust to other work, he or she is not disabled. *Id.* If, however, the claimant cannot adjust to other work, he or she is disabled within the meaning of the Act. *Id.*

The burden through steps one through four described above rests on the claimant. If the claimant carries their burden through the first four steps, "the burden then shifts to

the [Commissioner] to show there is other gainful work in the national economy which the claimant could perform." *Carroll*, 705 F.2d at 642.

III.    *The ALJ's Decision*

The ALJ followed the required five-step analysis for evaluating plaintiff's claim. Under step one, the ALJ found that plaintiff did not engage in substantial gainful activity since the alleged onset date of October 18, 2001.  (Tr. 18)  At step two, the ALJ found that plaintiff had the severe impairments of anxiety disorder and depression.  (*Id.*)  At step three, the ALJ determined that plaintiff did not have an impairment or combination of impairments that met or medically equaled the Listings.  (Tr. 19)  Before proceeding to step four, the ALJ found that plaintiff had the RFC to perform:

> a full range of work at all exertional levels but with the following nonexertional limitations: The claimant is limited to work requiring understanding, remembering, and carrying out simple instructions with no production rate, and with few if any work place changes.  He should have no more than occasional contact with supervisors, no more than incidental interaction with coworkers (i.e., very little if any contact to perform work related duties), and no contact with the public with respect to performing work related duties.  Further, the claimant's ability to appropriately adapt or manage oneself is limited to the performing of tasks that do not exceed the stress level of unskilled work.  Due to concentration/focus problems, the claimant would be off task less than five percent of the workday.

(Tr. 21)  Proceeding to step four, the ALJ found that plaintiff had no past relevant work. (Tr. 24)  At step five, the ALJ determined that considering plaintiff's age, education, work experience, and RFC, jobs existed in the national economy which plaintiff could perform. (Tr. 25)   Accordingly, the ALJ found that plaintiff had not been under a disability within the meaning of the Act.  (*Id.*)

IV.    _Plaintiff's Challenge_

Plaintiff seeks remand of the Commissioner's decision on the basis that the RFC finding was not supported by substantial evidence because the ALJ gave no narrative explanation of how he arrived at the finding and he crafted the limitations without reference to any medical opinion evidence.  (Dkt. No. 9-1 at 8-12)

The RFC is an assessment of "the most [plaintiff] can still do despite [his] limitations." 20 C.F.R. § 416.945(a)(1).  The ALJ is responsible for assessing plaintiff's RFC based on a review of relevant medical and non-medical evidence, including any statement about what plaintiff can still do, provided by any medical sources.  _Id._ §§ 416.927(d), 416.945(a)(3), 416.946(c).

In formulating the RFC, the ALJ summarized the testimonial, medical, and opinion evidence.  (Tr. 21-24)

Plaintiff, born in 1961, was 56 years old at the time of the administrative hearing. (Tr. 34-35)  He was incarcerated from October of 2001 through November of 2014, and briefly returned to prison for a parole violation in July of 2015.  (Tr. 35)  Plaintiff testified that he could not work due to PTSD, anxiety, and depression.  (Tr. 36)

With respect to the opinion evidence, the ALJ discussed the opinion of consultative examiner Susan Santarpia, Ph.D.  In May, 2015, Dr. Santarpia found that plaintiff only had a mild impairment in performing complex tasks independently, attributed to substance abuse.  (Tr. 23, 330)  The ALJ afforded her opinion "some" weight to the extent that mild limitation was consistent with the minimal findings upon mental status examination and throughout the longitudinal record, however, it appeared that plaintiff's mental health

7

treatment during that time was due to depression and anxiety, and not substance abuse. (Tr. 23)

The ALJ also afforded "some" weight to the opinion of the State agency reviewer Dr. Marks, who found that plaintiff's psychological impairments were nonsevere. The ALJ noted that the reviewer did not account for the additional evidence submitted after the assessment. However, the ALJ accounted for that additional evidence in the formulated RFC. (Tr. 24)

Plaintiff contends that the ALJ erred in affording Dr. Marks' opinion some weight because the ALJ overlooked Dr. Marks' assessment that plaintiff would have mild difficulties in social functioning and maintaining concentration, persistence, or pace. (Dkt. No. 9-1 at 9; Tr. 71) Dr. Marks also adopted Dr. Santarpia's opinion that plaintiff would have mild limitations in performing complex tasks independently, which the ALJ did not address. (Tr. 70-71) Any error in this regard would be harmless because the ALJ's RFC finding was not inconsistent with Dr. Marks' opinion and was in fact more restrictive. (Tr. 21, 24, 70-71). *See Zabala v. Astrue*, 595 F.3d at 410 (finding harmless error where the ALJ's consideration of a doctor's report would not have changed the ALJ's adverse determination); *see also Shinseki v. Sanders*, 556 U.S. 396 (2009) (agency's error does not require remand when it is clear that a remand to correct the defective analysis would still result the same outcome on remand; the claiming party has the burden of proving harmful error); *Grega v. Saul*, 816 Fed. Appx. 580, 582 (2d Cir. 2020) (none of the evidence that claimant argued was improperly excluded was significantly more favorable to him than the evidence that ALJ considered, and in fact the purportedly excluded evidence was consistent with ALJ's major findings).

In any event, the ALJ limited plaintiff to simple, routine, and repetitive tasks in a low stress, low contact work environment.  In doing so he properly incorporated plaintiff's assessed mild impairments with respect to complex tasks, social functioning, and concentration, persistence, and pace.  *See Green v. Saul*, No. 19-CV-1377, 2020 WL 6465447, at *2 (W.D.N.Y. Nov. 3, 2020) ("By limiting plaintiff to simple, unskilled tasks in a low-stress environment, defined as involving only occasional decision-making and only occasional changes to the work environment, the ALJ's RFC finding reasonably accounted for all of the limitations that were described by [the consultative examiner].").

Plaintiff appears to take issue with the ALJ's assessment of "off task" time in the RFC.  (Dkt. No. 9-1 at 10)  Specifically, he claims that the ALJ "pointed to no evidence in support of this off-task limitation, an error that has consistently been found reversible." (*Id.*)  However, the cases cited by plaintiff in support of this position are inapposite. In *Cosnyka v. Colvin*, 576 Fed. Appx. 43 (2d Cir. 2014), the ALJ relied upon the opinion of an orthopedic examiner who concluded that the plaintiff required "regular comfort breaks," which the ALJ interpreted as a six-minute break per hour in formulating the RFC. Because nothing in the medical record or the plaintiff's testimony supported such a conclusion, the Second Circuit concluded that remand was warranted.   576 Fed. Appx. at 46.  Relatedly, in *Annis v. Comm'r of Soc. Sec.*, No. 18-CV-1276, 2019 WL 6875231, (W.D.N.Y. Dec. 17, 2019), this Court found remand necessary where the ALJ substituted his own lay opinion for that of the plaintiff's treating physician, who opined that the plaintiff's impairments would cause her to be off task more than 20% off an eight-hour workday.  2019 WL 6875231, at *9.

9

In this case there is no such opinion.  As stated above, the opinion evidence consists of the State agency reviewer and a consultative examiner finding mild limitations in three functional areas, and there are no assessments of record regarding plaintiff's ability to remain on-task.  Nor does the record support any greater restrictions, as discussed in further detail below.  To the contrary, plaintiff himself reported to his social worker as being very "driven," and unable to stop a task once he starts.  For example, he reported cleaning and doing yard work without taking breaks for an entire day.  (Tr. 23, 131)  The ALJ noted as much.  (*Id.*)  By incorporating a 5% off-task limitation into plaintiff's RFC, the ALJ's finding was more restrictive than what is supported by the medical and opinion evidence.  There is no error in this regard.  *See Byrd v. Saul*, No. 18-CV-01244, 2020 WL 888044, at *4 (W.D.N.Y. Feb. 24, 2020) (rejecting argument that the ALJ improperly assessed plaintiff with a 5% off-task limitation without "tethering" such assessment to any medical evidence); *see generally, Yargeau v. Berryhill*, No. 16-CV-0706, 2018 WL 1335388, *3 (W.D.N.Y. 2018) ("[w]here an ALJ makes an RFC assessment that is *more* restrictive than the medical opinions of record, it is generally not a basis for remand") (emphasis in original); *Shorter v. Comm'r*, 2014 WL 1280459, *10 (N.D.N.Y. 2014) ("[i]n light of the other substantial evidence in the record supporting the ALJ's RFC determination and the fact that the RFC determination is actually more restrictive than [State agency consultant's] assessment, any error in considering this report was harmless").

The Court also rejects plaintiff's argument that the ALJ was required to provide a function-by-function analysis in the absence of any reliance on opinion evidence.  (Dkt. No. 9-1 at 11)

In general, an ALJ's RFC determination is not defective merely because it was formulated absent a medical opinion. The Second Circuit has held that where, "the record contains sufficient evidence from which an ALJ can assess the [plaintiff's] residual functional capacity, a medical source statement or formal medical opinion is not necessarily required." *Monroe v. Comm'r of Soc. Sec.*, 676 Fed. Appx 5, 8 (2d Cir. 2017) (internal quotations and citation omitted); *see Matta v. Astrue*, 508 Fed. Appx. 53, 56 (2d Cir. 2013) ("Although the ALJ's conclusion may not perfectly correspond with any of the opinions of medical sources cited in his decision, he was entitled to weigh all of the evidence available to make an RFC finding that was consistent with the record as a whole."). An ALJ is obligated to formulate a plaintiff's RFC based on the record as a whole, and not upon the medical opinions alone. *Trepanier v. Comm'r of Soc. Sec. Admin.*, 752 Fed. Appx. 75, 79 (2d Cir. 2018); *see Johnson v. Colvin*, 669 Fed. Appx. 44, 46 (2d Cir. 2016) (ALJ relied on various forms of evidence to formulate RFC).

Further, it is not *per se* legal error where the ALJ fails to conduct an explicit function-by-function analysis at step four. *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013). "An ALJ is not required to discuss in depth every piece of evidence contained in the record, so long [as] the evidence of record permits the Court to glean the rationale of an ALJ's decision." *Cichocki*, 729 F.3d at 178 n.3 (quoting *Mongeur v. Heckler*, 722 F.2d 1033, 1040 (2d Cir. 1983)).

In this case, the record is devoid of any medical evidence, as was plaintiff's burden to produce, that contradicts the ALJ's finding regarding plaintiff's ability to perform work involving simple instructions with no production rate, few, if any workplace changes, occasional contact with supervisors, no more than incidental interaction with coworkers,

and would permit him to be off task less than five percent of the workday due to concentration problems.  (Tr. 21)  *See Smith v. Berryhill*, 740 Fed. Appx. 726 (2d Cir. 2018) (citing 42 U.S.C. § 423(d)(5); *see also Barry v. Colvin*, 606 Fed. Appx. 621, 622 (2d Cir. 2015) ("A lack of supporting evidence on a matter for which the claimant bears the burden of proof, particularly when coupled with other inconsistent record evidence, can constitute substantial evidence supporting a denial of benefits."))  Although plaintiff complained of anxiety and depression (*see* Tr. 36), treatment notes showed that he was cooperative, alert, fully oriented, and had intact attention, concentration, thoughts, and memory with fair to good insight/judgment.  (*See* Tr. 285, 287, 306, 309, 312, 318, 329, 344, 390, 422, 426, 429, 532, 536, 538, 540, 542, 545, 548, 550, 552, 557-58, 561, 579, 589, 611, 808)  The treatment notes also indicate that plaintiff had improvement with mental health treatment and his wife reported that plaintiff was "doing better in getting more stable."  (*See* Tr. 312, 314, 318, 490-91, 520, 539-40, 542, 545, 557)  Finally, Dr. Santarpia found plaintiff capable of following and understanding simple directions and instructions; performing simple tasks independently; maintaining attention and concentration, maintaining a regular schedule; learning new tasks; making appropriate decisions; relating adequately with others; appropriately dealing with stress, and had only mild limits in performing complex tasks independently.  (Tr. 330)

The balance of the record evidence, including the opinions and treatment history, provides substantial evidence supporting the ALJ's limitation to work involving simple instructions with no production rate and few, if any, workplace changes, and plaintiff has not shown what other specific mental limitations have not been accounted for with this restriction.  *See Burrows v. Comm'r of Soc. Sec.*, No. 15-CV-1266, 2017 WL 1274177, at

12

*8-9 (N.D.N.Y. Mar. 3, 2017) *adopted by* 2017 WL 1162195 (Mar. 28, 2017) (ALJ was not required to account for additional limitations where substantial evidence supported his mental RFC determination).

Accordingly, the Court finds that the ALJ's decision is supported by substantial evidence and free of legal error.


## CONCLUSION

For the foregoing reasons, plaintiff's motion for judgment on the pleadings (Dkt. No. 9) is denied and the Commissioner's motion for judgment on the pleadings (Dkt. No. 10) is granted.

The Clerk of Court shall take all steps necessary to close this case.


**SO ORDERED.**


Dated:        December 29 2020
              Buffalo, New York

                                        MICHAEL J. ROEMER
                                        United States Magistrate Judge